UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED & PF CONSUMER HEALTHCARE 1 LLC<br><br>    Plaintiffs,<br><br>vs.<br><br>SBH HOLDINGS LLC,<br><br>    Defendant | Civil Action No.: 20-cv-01463-VAC<br><br>**DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** |

1

DEFENDANT SBH HOLDINGS LLC ("SBH" OR "DEFENDANT"), BY AND THROUGH ITS UNDERSIGNED COUNSEL, HEREBY RESPONDS TO THE COMPLAINT OF BAUSCH & LOMB INCORPORATED & PF CONSUMER HEALTHCARE 1 LLC( "PLAINTIFFS") AS FOLLOWS:

1. SBH admits that this action purports to be an action for patent infringement, but denies that it infringes or has infringed any valid patent claim.

2. Denied as to "within this district", but otherwise admitted.

3. Defendant has insufficient information to admit or deny this allegation and therefore denies this allegation.

4. Admitted as to corporate status and address of SBH, and the dba "Science Based Health".  SBH admits it has sold products in the district.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted as to jurisdiction, and SBH has sold products in Delaware.  SBH denies the remaining allegations in this paragraph.

9. Admitted.

## CLAIMS FOR RELIEF

10. Defendant has insufficient information to admit or deny this allegation and therefore denies this allegation, other than admitting:  "A true copy of the '297 Patent is attached as "Exhibit A".

11. Admitted as to subject matter the '297 patent purports to describe and claim.  Denied as to any invention described or claimed in the patent.

12. Admitted as to reexamination request filed and reexamination certificate issued, with listed claims supposedly patentable.

13. Denied that any of plaintiffs' alleged products are covered by the claimed patents; as to the other allegations, defendant has insufficient information to admit or deny this allegation and therefore denies this allegation.

14. Denied, except admitted: "SBH has actual knowledge of the '297 Patent".

15. Denied.

16. Denied.

17. Denied.

18. SBH admits it became aware of the '297 patent on or after its issuance date, but SBH otherwise denies the remaining allegations of this paragraph.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT 2: PATENT INFRINGEMENT OF U.S. PATENT 8,603,522

23. Defendant incorporates herein and realleges as if fully set forth in this Paragraph, its responses to the allegations of Paragraphs 1 and 9 above.

24. Defendant has insufficient information to admit or deny this allegation, and therefore the allegation is denied, except it admits: "A true copy of the '522 Patent is attached as Exhibit C".

25. SBH admits that the '522 patent purports to describe methods for treatment of visual acuity loss, but denies the remaining allegations of this paragraph.

26. Defendant has insufficient information to admit or deny this allegation, and therefore denies this allegation.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. SBH admits it became aware of the '522 patent on or after its issuance date. SBH denies the remaining allegations of this paragraph.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## PRAYER FOR RELIEF

SBH denies that Plaintiffs are entitled to any relief.

## SBH'S AFFIRMATIVE DEFENSES

A. SBH incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses. By asserting these Affirmative Defenses, SBH does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. SBH reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

## FIRST AFFIRMATIVE DEFENSE

B. No Infringement. SBH does not and has not infringed, whether directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent Nos. 6,660,297 and 8,603,522.

## SECOND AFFIRMATIVE DEFENSE

C. Invalidity. Each asserted claim of the Patents In Suit is invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

D. Prosecution History Estoppel. By reason of the prior art and/or statements and representations made to and by the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the Patents in Suit and related applications,

including without limitation post-grant proceedings relating to the validity of the Patents in Suit and related patents, the Patents in Suit is so limited that none of the claims of the Patents in Suit could properly be construed to cover any activity of SBH.

## FOURTH AFFIRMATIVE DEFENSE

E. Statute of Limitations and Marking. Upon information and belief, Plaintiffs' claim for damages is limited by 35 U.S.C. §§ 286 and/or 287.

## FIFTH AFFIRMATIVE DEFENSE

F. Judicial Estoppel. PLAINTIFFS's claim for relief is limited by the doctrine of judicial estoppel, including without limitation because of statements made by Plaintiffs and relied upon by the U.S. Patent and Trademark Office during proceedings related to the validity of the Patents In Suit.

## SIXTH AFFIRMATIVE DEFENSE

G. Statute of Limitations. PLAINTIFF'S claim for relief is limited by the Statute of Limitations, barring any claim for any damages incurred 6 years prior to the filing of the instant action.

## SEVENTH AFFIRMATIVE DEFENSE

H. Double Patenting. Assuming arguendo that Patents in Suit are otherwise valid, which is expressly denied, they are unenforceable for any damage claims after March 23, 2021 or injunction relief. Although the '522 patent was granted a term adjustment under 35 U.S.C.

§154(b), such a term adjustment does not apply in this case where double patenting exists. See *Novartis AG v. Ezra Ventures LLC* 909 F.3d 1367 (Fed. Cir. 2018); *Magna Elecs., Inc. v. TRW Auto Holdings Corp.* No. 1:12-cv-654 (USDC W.D. Mich.) Decided Dec 10, 2015. Thus, both Patents in Suit expired on March 23, 2021.

## EIGHTH AFFIRMATIVE DEFENSE

I.  Estoppel.  PLAINTIFFS's claim for relief is limited by the doctrine of estoppel in that PLAINTIFFS unreasonably delayed bringing their claims, which Defendant denies, which delay has worked to Defendant's prejudice and constitute unclean hands on PLAINTIFFS' part.

## RESERVATION OF RIGHTS

J.   SBH reserves the right to amend or supplement its answers and affirmative defenses above should it learn of additional information or defenses.

## COUNTERCLAIMS

K.  SBH counterclaims as follows:

## PARTIES

1. Counterclaim-Plaintiff SBH, LLC ("SBH") is a LLC , with its principal place of business located in Texas.

2. Upon information and belief, Counterclaim-Defendants are Bausch & Lomb Incorporated & PF Consumer Healthcare 1 LLC.

## JURISDICTION AND VENUE

3. Subject to SBH's defenses and denials herein, this Court has jurisdiction over the subject matter of these counterclaims pursuant to at least 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202. 5. Subject to SBH's defenses and denials herein, venue is proper in this district for this particular case because Plaintiffs commenced this action in this district, although this venue is not the most convenient.

4. This Court has personal jurisdiction in this action over Counterclaim-Defendants because Counterclaim-Defendants filed the Complaint in this Court.

## COUNTERCLAIM 1

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE PATENTS IN SUIT

5. SBH restates and incorporates by reference the allegations in paragraphs 1-4 of its Counterclaims.

6. Counterclaim-Defendants in the primary action allege that they are owners of the Patents in Suit, and allege that the patents are valid and enforceable.

7. Counterclaim-Defendants have asserted the Patents in Suit against SBH in litigation, alleging that SBH infringes the Patents in Suit.

8. SBH does not infringe the Patents in Suit.

9. An actual controversy exists between Counterclaim-Defendants and SBH as to whether SBH infringes the Patents in Suit, and a judicial declaration is necessary for SBH to ascertain its rights with respect to the Patents in Suit.

## COUNTERCLAIM 2

### DECLARATORY JUDGMENT OF INVALIDITY OF THE PATENTS IN SUIT

10. SBH restates and incorporates by reference the allegations in paragraphs 1-9 of its Counterclaims.

11. Counterclaim-Defendants allege in their suit that the Patents in Suit are valid and enforceable.

12. The Patents in Suit are invalid for failure to comply with one or more requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

13. The '522 patent is invalid and unenforceable due to statutory double patenting under 35 U.S.C. § 101 and/or the judicially-created doctrine of obviousness-type double patenting.

14. An actual controversy exists between SBH and Counterclaim-Defendants as to whether the Patents in Suit are invalid.

15. A judicial declaration is necessary for SBH to ascertain its rights with respect to the Patents in Suit.

## COUNTERCLAIM 3

## DECLARATORY JUDGMENT THAT THE PATENTS IN SUIT EXPIRED ON MARCH 23, 2021

16. SBH restates and incorporates by reference the allegations in Paragraphs 1-15 of its Counterclaims.

17. Assuming arguendo that Patents in Suit are otherwise valid, which is expressly denied, they are unenforceable for any damage claims after March 23, 2021 or for any claim for injunctive relief.

18. Under 35 U.S.C. §154, the '522 patent would expire 20 years from the filing date of the '297 patent. Although the '522 patent was granted a term adjustment under 35 U.S.C. §1.54(b),

such a term adjustment does not apply in this case where double patenting exists. See *Novartis AG v. Ezra Ventures LLC* 909 F.3d 1367 (Fed. Cir. 2018); *Magna Elecs., Inc. v. TRW Auto. Holdings Corp.* No. 1:12-cv-654 (USDC W.D. Mich.) Decided Dec 10, 2015. Thus both Patents in Suit expired on March 23, 2021.

19. An actual controversy exists between SBH and Counterclaim-Defendants as to whether the Patents in Suit are enforceable after March 23, 2021.

20. A judicial declaration is necessary for SBH to ascertain its rights with respect to the Patents in Suit.

PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff, SBH. respectfully prays the judgment be entered in its favor and against Counterclaim-Defendant, as follows:

A. A judgment dismissing the Complaint against SBH with prejudice.

B. A declaration that SBH has not infringed the Patents in Suit.

C. A declaration that the Patents in Suit are invalid and unenforceable.

D. A declaration that the Patents in Suit are unenforceable after March 23, 2021.

E. A declaration that this case is exceptional, and SBH is entitled to recover its reasonable fees and costs.

F. An award to SBH of its reasonable fees and costs.

G. A judgment in equity barring Plaintiffs from enforcing the Patents in suit or collecting damages based on them.

DEMAND FOR JURY TRIAL

In accordance with Rule 38(a) of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff SBH hereby demands a trial by jury on all issues so triable, including without limitation, SBH's defenses and counterclaims.

Dated:   April 1, 2022                    Respectfully submitted,

*/s/ Glenn A. Brown*
Glenn A. Brown, DMD, Esq.
727 N. Market Street #4
Wilmington, DE 19801
DE Bar No. 4669
(302) 225-8340
glenn.brown@realworldlaw.com