**FREAR STEPHEN SCHMID**
ATTORNEY AT LAW
7585 Valley Ford Road
Petaluma, CA 94952
Tel: 415-788-5957
e-mail: frearschmid@aol.com

March 17, 2023

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

   Re: *Bausch & Lomb Incorporated, et al. v. SBH Holdings, LLC,*
     <u>C.A. No. 20-1463 (GBW) (CJB)</u>

Dear Judge Burke,

  Per D.I. 59, defendant provides the following response.

  First, to address the plaintiffs' concern about the impending claim construction brief, for background as will be set forth in an impending motion for judgment on the pleadings, this case involves two patents, the '522 patent which is invalid due to double patenting and the '297 patent, of which the asserted claims 19, and 24 are invalid in violation of 35 USC §112 and claims 31 and 32 are facially invalid due to broadening of the scope of claims in an *inter partes* reexamination contrary to law. We point this out because we will at the same time be seeking a stay pending disposition of the motion for judgment on the pleadings. Accordingly, such a stay if granted will obviate the need for the Court to expend time on claim construction which is immaterial to the impending motion for judgment on the pleadings. In any event defendant is willing to stipulate to the rescheduling of the claim construction briefing schedule.

  That being said, to address the claim construction of terms "comprising on a daily dosage basis" and "administering a daily dosage", defendant submits its submitted construction is proper.

  The submission is premised on the reality that essentially claim construction is a form of jury instructions – designed to help the jury understand and follow the law of the case. Here, the best way to impart to the jury the meaning, and most importantly the scope of those terms, is what is needed to establish the plaintiffs' alleged right to exclude, i.e. the point at which infringement occurs. Direct infringement occurs only if the described dosage is taken by customer.

1

The claims of a patent define the scope of the invention. *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1324 (Fed. Cir. 2002).  They provide the "metes and bounds" of the **patentee's right to exclude**. *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1257 (Fed. Cir. 1989)  "It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005)

" [I]n addressing the ultimate issue of mixed fact and law, it was for the court to "lay down to the jury the law which should govern them.'" Markman v. Westview Instruments, Inc., 517 U.S. 370, 386 (1996)

Thus, defendant respectfully submits its proposal was proper. See *Pierce v. Underwood*, 487 U.S. 552, 561-62(1988) ("Many questions that arise in litigation are not amenable to regulation by rule because they involve multifarious, fleeting, special, narrow facts that utterly resist generalization."

        Very truly yours,

        /s/ Frear Stephen Schmid
        Frear Stephen Schmid
        Pro hac vice for defendant