IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED & <br> PF CONSUMER HEALTHCARE 1 LLC, <br> <br> Plaintiffs, <br> <br> v. <br> <br> SBH HOLDINGS LLC, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 20-1463 (GBW) (CJB) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' LETTER BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY**

OF COUNSEL:

Scott K. Reed
Steven C. Kline
Monica Chou
Daniel H. Kaltman
VENABLE LLP
151 W. 42nd Street, 49th Floor
New York, NY  10036
(212) 218-2100

*Attorneys for Plaintiff Bausch & Lomb Incorporated*

April 17, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiffs*

Dear Judge Burke:

Plaintiffs Bausch & Lomb Incorporated and PF Consumer Healthcare 1 LLC (collectively "B+L") hereby respond in opposition to Defendant SBH Holdings LLC's ("SBH") letter brief in support of its Motion to Stay (D.I. 68, 70) (the "Motion"). This is a patent infringement case originally filed by B+L in late October of 2020. SBH now seeks to stay the case while the Court decides a "Motion for Judgment on the Pleadings" (D.I. 63) ("the 12(c) Motion") filed nearly a year after the pleadings closed in April of 2022, and after then Chief Judge Stark denied SBH's Motion to Dismiss under Rule 12(b)(6). This procedural non sequitur is easily denied: As an initial matter, SBH failed to meet and confer. That alone is grounds for denial. But the substance of the Motion fares no better—it is based on SBH's belief that because it has filed a co-pending dispositive motion, it should not have to participate in the litigation unless and until the Court denies that motion. That is simply not how Courts in this District treat motions to dismiss in the regular course, lest the Court be deluged by threadbare motions like SBH's that are designed to avoid participating in litigation. And there is nothing about SBH's 12(c) Motion that merits special treatment. The litigation is already nearly two years and six months old, and SBH is undisputedly a competitor of B+L, actively engaged in selling the accused products. SBH's Motion should be denied.

## I. SBH Failed to Properly Meet & Confer

As an initial matter, it is undisputed that SBH did not attach a certification pursuant to D. Del. LR 7.1.1 to its Motion or letter brief; nor could it have, because there was no meet and confer between counsel. The first B+L heard about SBH's Motion was in SBH's letter to the Court (D.I. 60) attempting to explain why it had failed to comply with the Court's Order to provide its constructions of disputed terms in the Joint Claim Construction Chart. SBH then sought consent by e-mail, and B+L declined to provide it. Rather than seeking a meet and confer, SBH then simply filed its letter brief. That alone is grounds to deny the Motion. But the Motion fails when considered on its merits as well.

## II. A Stay Pending Resolution of SBH's Motion to Dismiss is Unwarranted.

The Court is of course familiar with the legal tests governing motions to stay. Courts in this District do not favor a stay pending a dispositive motion. *See Kraft Foods Grp. Brands LLC v. TC Heartland LLC,* No. 14-28, D.I. 32 (D. Del. Jan. 7, 2015) (oral order denying defendants' request to stay entry of a scheduling order due to a pending motion to dismiss). When deciding a motion to stay, the Court considers three factors: "(1) whether granting a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *FMC Corp. v. Summit Agro USA, LLC,* C.A. No. 14-51-LPS, 2014 WL 3703629, at *2 (D. Del. July 21, 2014) (internal citations omitted). Prejudice to the nonmovant "is often very important in the stay calculus" and involves consideration of whether the parties are direct competitors. *Yodlee, Inc. v. Plaid Techs.*, C.A. No. 14-1445, D.I. 57 at 3 (D. Del. July 20, 2015); *SenoRx, Inc. v. Hologic, Inc.*, C.A. No. 12-173, 2013 WL 144255, at *7 (D. Del. Jan. 11, 2013). Notably, the Court is not constrained to those factors, however, and may consider the totality of circumstances "beyond those captured by

The Honorable Christopher J. Burke
April 17, 2023

the three-factor test." *British Telecommc'ns PLC v. IAC/InterActiveCorp.*, C.A. No. 18-366-WCB, 2020 WL 5517283, at *5 (D. Del. Sept. 11, 2020) (internal quotations omitted)). SBH, as the movant, "bears the burden to show that the circumstances support an exercise of the Court's discretion to stay." *Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*, C.A. No. 22-552-VAC-SRF, 2022 WL 3139096, at *1 (D. Del. Aug. 5, 2022).

Here, SBH has failed to meet its burden. SBH failed to acknowledge or assess the factors, instead relying on a purported "dead time" in the schedule—which in fact encompasses both *Markman* proceedings and fact discovery. And, indeed, if SBH were correct, there would be no need for a stay to "conserve resources" and SBH's filing of this Motion would be completely counterproductive on its own terms, merely adding briefing and work for the Court for no benefit to judicial economy. SBH's motion should be denied.

### A.   A Stay Would Not Simplify The Issues

Significant simplification of the issues could only occur with across-the-board success for SBH's 12(c) Motion. And the Court does not simply weigh the potential consequences were a movant to prevail. *Kaavo Inc. v. Cognizant Tech. Solutions Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476, at *2 (D. Del. Apr. 9, 2015) (stating that the Court should assess "***all*** of the possible outcomes of the proceeding or inquiry that the case would be stayed in favor of—not just the potential outcome most favorable to the party seeking the stay." (emphasis original)).

Although the Court need not assess the legal merits of the motion underlying a parallel motion to stay (*See Cipla USA*, 2022 WL 3139096, at *1 (*citing Kaavo*, 2015 WL 17374746 at *2, n.4)), it is clear even from the enumeration of grounds in SBH's letter brief seeking a stay (at 3) that the 12(c) Motion impermissibly reaches outside the pleadings and requests extraordinary relief. SBH asks the Court to resolve by 12(c) motion separate issues of noninfringement, indefiniteness, and obviousness-type double patenting—all on the pleadings alone, without the benefit of fact or expert discovery and prior to the claims being construed. Here, without such a record, those grounds are inappropriate for resolution on the pleadings. *See, e.g., Novartis AG v. Ezra Ventures, LLC*, C.A. No. 15-150-LPS, 2016 WL 5334464 at * (D. Del. September 22, 2016) (Court "not in a position" to resolve obviousness-type double patenting on the pleadings). Worse yet, the 12(c) Motion also attempts to argue certain *Markman* issues and avoid the *Markman* schedule, which SBH seeks to stay. *See, e.g., Eli Lilly & Co. v. Eagle Pharms., Inc.*, C.A. No. 17-1293- MSG, 2018 WL 5314917, at *3 (D. Del. Oct. 26, 2018) ("Questions of claim construction are not suitable for resolution on a Rule 12 motion.") (citation omitted). An attempt to cobble together grounds to litigate invalidity and noninfringement defenses through a pop-up 12(c) Motion in the middle of *Markman* briefing is not akin to a situation in which a Court may grant a stay, such as an early *inter partes* review proceeding, for example, where a neutral body reviews patentability and an estoppel may attach. As such, the prospects for simplification are highly speculative at best, and this factor weighs against a stay.

### B.   The Status of the Litigation Weighs Against a Stay

Unlike many motions to dismiss or on the pleadings, this case has been pending for well over two years at the time of SBH's 12(c) Motion. B+L filed this patent infringement competitor

The Honorable Christopher J. Burke
April 17, 2023

case in late 2020.  SBH already attempted to dismiss this case once—with Chief Judge Stark denying its first Motion (D.I. 16).  In the meantime, SBH has continued to sell its infringing products.  The parties have completed initial discovery, disclosed claim terms and begun *Markman* briefing, and served and responded to certain written discovery.  By its Motion, SBH attempts to suspend *Markman* briefing and all further discovery.  SBH wrongly states no *Markman* hearing has been scheduled, but a *Markman* hearing is already scheduled in less than two months on June 15, 2023 (D.I. 42), and suspension of *Markman* briefing would jeopardize this date.   A trial date has not been set, but only because the case was assigned to the vacant judgeship following former Chief Judge Stark's elevation to the Court of Appeals for the Federal Circuit.  SBH argues that the stay would only occupy "dead time" in the schedule. (D.I. 68 at 4), conveniently ignoring that *Markman* briefing is hardly "dead time."  Indeed, if it were true that there would be no disruption to discovery and little activity in the case, one wonders why a stay would be needed at all to "conserve judicial resources and legal expenses," per SBH.  In fact, discovery is set to end in December, and B+L intends to use the remaining 8 months to serve follow-on requests and take depositions of witnesses.  The status of this nearly 30-month old case weighs against a stay.

   **C.**  **A Stay Would Prejudice Plaintiffs**

As mentioned above and as is undisputed, B+L and SBH compete in the vitamin health space, and SBH has continued to sell its accused products while this litigation has been pending.  Moreover, SBH already enjoyed a significant delay after filing in light of its earlier motion to dismiss, which was pending for over 15 months before being denied (D.I. 16).  Courts are reluctant to stay cases between direct competitors.  *FMC Corp.*, 2014 WL 3703629, at *5.  Calling a halt to proceedings for a 12(c) Motion filed in the middle of *Markman* briefing would be highly unusual and prejudicial to Plaintiffs' efforts to finally see their day in Court.  See *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.,* No. CV 17-1687-LPS-CJB, 2019 WL 126192, at *1 (D. Del. Jan. 8, 2019) (The Court "must . . . be mindful of its responsibility to keep its docket moving, so that it can provide litigants with timely and effective resolution of their claims.")

The Court also considers the timeliness of the underlying Motion or proceeding in weighing prejudice.  See .e.g, *Boston Scientific Corp. v. Cordis Corp.*, 777 F.Supp.2d 783, 789 (D. Del. 2011).  Given that the pleadings closed in April 2022, by waiting a year, SBH has been far from diligent in filing its 12(c) Motion.

   **III. Conclusion**

The circumstances surrounding SBH's motion to stay demonstrate clearly that a stay is unwarranted.  SBH's motion should be denied.

                      Respectfully,

                      */s/ Derek J. Fahnestock*

                      Derek J. Fahnestock (#4705)

DJF/bac
cc:  All Counsel of Record (*via* CM/ECF and e-mail)