IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED & <br> PF CONSUMER HEALTHCARE 1 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SBH HOLDINGS LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 20-1463 (GBW)(CJB) <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>DEFENDANT'S REPLY LETTER BRIEF IN  SUPORT OF MOTION FOR STAY OR
TO EXTEND TIME</u>**


REAL WORLD LAW, P.C.

*/s/ Glenn A. Brown*

Glenn A. Brown (#4669)
727 North Market Street, Suite 4
Wilmington, DE  19801
(302) 225-8340
glenn.brown@realworldlaw.com

*Attorneys for Defendant*

Dear Judge Burke:

Defendant hereby submits its Reply Letter Brief in support of its motion for stay (D.I. 70).

Regarding the meet and confer issue raised in plaintiffs' response brief (D.I. 70), the plaintiffs admit defendant had sought a stipulation for a stay, but plaintiffs summarily rejected the idea without any reason. Also, plaintiffs' counsel and defense counsel had previously discussed orally and in writing the substance of the pending 12(c) motion, i.e., plaintiffs' claims are barred as a matter of law. Plaintiffs summarily rejected the defendant's position. Thus, any further meet and confer would have been a needless time consuming and expensive exercise in futility as proven by the plaintiffs' response letter brief.

The opposition fails to point to any facts or law that would defeat the pending 12(c) motion. Indeed, the plaintiffs wrongly assert that the 12(c) motion may not be brought. Of course, the law is to the contrary. It is proper for a district court to dismiss an infringement claim when there are no relevant facts in dispute and, in the context of this case, it is clear as a matter of law that the defendant cannot infringe. See *Amgen Inc. v. Coherus Biosciences Inc.,* No. 17-546-LPS-CJB, 2018 WL 1517689, at *4 (D. Del. Mar. 26, 2018) (dismissing direct infringement claim when the plaintiff admitted there was no literal infringement and the undisputed facts established as a matter of law that prosecution history estoppel applied, which precluded a finding of infringement under the doctrine of equivalents), *aff'd,* 931 F.3d 1154 (Fed. Cir. 2019). See also *Ottah v. Fiat Chrysler,884 F.3d 1135*, 1141-42 (Fed. Cir. 2018) (affirming dismissal when the claims required a "book holder," the defendants' products were cameras, and prosecution history estoppel barred a finding of infringement under the doctrine of equivalents); *Cumberland Pharm. Inc. v. Sagent Agila LLC,* No. 12-825-LPS, 2013 WL 5913742, at *3 (D. Del. Nov. 1, 2013) (dismissing an infringement claim when the patent expressly required a formulation "free of a chelating agent," and the accused product admittedly contained a chelating agent). The opposition does not point to any relevant factual dispute. Thus, the 12(c) motion is properly before the court.

The plaintiffs argue, without explaining, that the 12(c) motion will require claim construction. No claim construction is necessary in order to determine that as a matter of law plaintiffs cannot assert the asserted claims of the '297 patent which are either invalid or at best must include beta carotene. But even if construction were necessary, the motion is proper per the above cited law. The plaintiffs cite to *FMC v. Summit Agro USA, LLC*, No. 14-51, 2014 WL 3703629, at *2 (D. Del. July 21, 2014). That case involved a stay pending inter partes review. As well known to all, generally inter partes review involves a much longer stay than the **temporary** stay requested pending resolution of the subject 12(c) motion, which will be fully briefed by the end of the month. Indeed, the plaintiffs do not even address defendant's alternative proposal of reset of various scheduled events. Despite citing *FMC*, the plaintiffs do substantively not address the three factors courts typically consider: (1) whether granting the stay would simplify the issues in question and the trial of the case; (2) the status of the district court litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether the stay would cause the non-movant to suffer undue prejudice or allow the movant to gain a clear tactical advantage.

Consideration of each factor strongly counsels in favor of the temporary stay or resetting dates in the scheduling order. Obviously, the granting of the stay allowing resolution of the 12(c) motion will simplify the issues in question and obviate a trial, or at the very least limit the scope

of a trial and focus issues.  As to discovery, the first round of fact discovery will **not** be stayed by a stay, and the temporary stay will not interfere with the scheduled time to complete fact discovery and expert discovery. Plaintiffs make no showing that the requested stay will in any way interfere with their discovery plans. The stay will  not be prejudicial to plaintiffs, and  they make no showing of any prejudice. Exhibiting  absolute chutzpah, plaintiffs complain that "SBH has continued to sell its accused products while this litigation has been pending". First, defendant has an absolute right to  sell its products as it has  not infringed, and plaintiffs make no attempt to show any good faith basis for their claims of infringement. Second, the asserted patents expired over two years ago as of March 23, 2021. Third, the plaintiffs have delayed bringing their claims for the fifteen  plus years that defendant's  products have been openly sold on the market. Fourth, when plaintiffs finally did bring their claims, they asserted them in a district court that they knew did not have venue (complaint filed June 30, 2020, in Bausch & Lomb Incorporated et al. v. SBH Holdings LLC, Case No. 6:20-cv-06451-CJS (W.D.N.Y) (D.I. 1). In that case, instead of dismissing voluntarily, the plaintiffs forced the defendant to file a motion to dismiss for want of venue before they dismissed and finally filed their complaint  in this court on October 28,2020 (D.I. 1). Finally, nothing about this request for stay changes the discovery cut-off dates, the hearing dates for dispositive motions (all set for the fall of 2024, and certainly does not affect any trial date as none has been set.

SBH correctly  states that  Markman hearing has been scheduled for  on June 15, 2023 (D.I. 42), and the undersigned attorney Frear Stephen Schmid apologizes for his inadvertent misstatement in his letter brief  (D.I. 68). When writing the letter.  I was operating off the scheduling order (D.I. 28) which left the date open. But the fact that there is impending  Markman briefing and hearing  date makes a stay even more compelling since the briefing and the hearing will entail considerable time of the parties and the court which can be obviated by resolution of pending case dispositive 12(c)  motion. The Court can stay or reset the Markman briefing and hearing date until later in this year without disrupting the ensuing scheduled sequence of events, except for the interim status report due July 1, 2022.

For the reasons set forth above and set forth in the opening brief, good cause exists to **temporarily** stay the proceeds or alternatively reset scheduled events for a sufficient period of time to allow the Court to resolve the pending 12(c) motion.

Dated: April 18, 2023                                Respectfully submitted,

                                                                  */s/Frear Stephen Schmid*
                                                                  Frear Stephen Schmid
                                                          Pro hac vice attorney for defendant

                                                                  */s/Glenn A.Brown*
                                                                Glenn A. Brown
                                                               Attorney for defendant
                                                                727 N. Market Street #4
                                                               Wilmington, DE 19801
                                                               DE Bar No. 4669
                                                               (302) 225-8340
                                                               glenn.brown@realworldlaw.com