UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED & PF CONSUMER HEALTHCARE 1 LLC<br><br>     Plaintiffs,<br><br>vs.<br><br>SBH HOLDINGS LLC,<br><br>     Defendant | Civil Action No.: **20-cv-01463-GBW-CJB** |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE SBH'S DISCLOSURE/OPINION OF
UNRETAINED EXPERT WITNESS ZAC DENNING PURSUANT
TO RULE 26(A)(2)(C) AND INVALIDITY DEFENSES**

Attorney for defendant
SBH HOLDINGS LLC
Glenn A. Brown, Attorney at Law
727 N. Market Street #4
Wilmington, DE 19801
TEL:  (302) 225-8340
EMAIL:  glenn.brown@realworldlaw.com

Pro Hac Vice Counsel:

Frear Stephen Schmid
7585 Valley Ford Road
Petaluma, CA 94952
Tel: 415-788-5957
frearschmid@aol.com

Thomas M. Freiburger
P.O. Box 1026
Tiburon, CA 94920
Tel:  415-435-0240
tfreiburger1@yahoo.com

Dear Judge Burke:

The subject motions are in reality a Daubert motion and a Rule 56 dispositive summary adjudication motion as to defendant's affirmative defenses.  As such, these matters can only be heard by Judge Williams per his referral order (DI 40) and 28 U.S.C. Section 636 upon proper notice in conformance with the Scheduling Order (DI 28).  Accordingly, defendant SBH objects to the motions being heard or considered before the Hon. Magistrate Judge Burke.  By further addressing below the substance of these improper motions, SBH is not waiving said objection.

Under the Scheduling Order DI 28, paragraph 7 f. iii. and paragraph  17e. and Judge Williams' referring order (DI 40.), objections to expert testimony are to be made by the deadline for dispositive motions.  Most importantly, dispositive motions under Rule 56 ("A party may move for summary judgment, identifying each claim or defense …"), such as the mislabeled motion to strike defendant's affirmative defenses, per Scheduling Order pargraph17b, such motion cannot be filed before August 24, 2024 (ten days prior to  Sept. 3, 2024, without leave of court.  Further, such motion must contain a separate statement of facts and

defendant has 30 days to oppose such, not the instant 7 days that plaintiffs are attempting to foist on defendant.  Similarly, the scheduling order (see Chart of All Relevant Deadlines, last entries on page 1) allows the responding party 30 days to file an opposition to any Daubert motion.  In short, plaintiffs are in complete violation of the Scheduling Order by bringing the motions before the improper judicial officer and by short-changing defendant of the prescribed 30 day briefing schedule it is entitled to, not to mention the completion of expert testimony before the filing of these premature motions.

Any non-dispositive motion must have a statement required by Local Rule 7.1.1. Scheduling Order DI 28, paragraph 18.  Here, there is no such statement.  That could be because as defendant contends, the motion to strike the affirmative defenses is indeed a dispositive motion and thus plaintiff felt no need for the statement, but that certainly would not apply to the Daubert motion, couched as a motion to strike expert testimony by disclosed expert Zac Denning.

Omission of the required statement is ground for summarily denying the motion. But in addition, there is a substantive reason to apply the rule and summarily deny the motion.  This omission of the required statement is no mere technicality, because plaintiffs manifestly failed to engage in the required **good faith** meet and

3

confer.  Despite repeated requests for particulars as to the legal and factual basis

for the motion, plaintiffs played hide the ball.  For example, absolutely none of the

cited authorities was presented to defense counsel before or at the "meet and

confer", with one exception  *Emerson Electric Co,* an unpublished district court

case from Missouri*, which being not even a 3rd circuit case*  is not precedent for

evidentiary issues in the Third Circuit.  ("The Federal Circuit appl[ies] regional

circuit law to evidentiary issues." *VirnetX*, *Inc. v. Cisco Sys., Inc..*, 767 F.3d 1308,

1324 (Fed. Cir. 2014*).*  Also, defense counsel asked for the Denning deposition

excerpts before the meeting, but none was sent by Plaintiff or present at the "meet

and confer".  Similarly, in communications with plaintiff counsel, defense counsel

repeatedly raised the fact that the proposed motion was in reality a dispositive

motion of defendant's affirmative defenses and a Daubert motion as to expert

Denning and thus had to brought before Judge Williams.  The plaintiff did not

present, and still has not presented, any substantive or legal basis as to why this

motion is not being made to Judge Williams, at the time and manner as required by

the scheduling order.  See the complete email chain (as opposed to the cherry-

picked emails submit by plaintiffs) leading up to the nominal "meet and confer",

Attachment Exhibit 1 (yellow highlights added).

The cited case of *Roche Diagnostics Corp. v. Meso procedurally* supports SBH's position because it makes clear that the issue tendered is a Daubert motion, which is reserved for Judge Williams.  See *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, C.A. No. 17-189-LPS-CJB, (D. Del. Oct. 21, 2019)

"Pending before the Court are the parties' *Daubert* motions. (D.I. 166, 168, 170) Plaintiff Roche Diagnostic Corp. ("Roche" or "Plaintiff") moves to exclude certain opinions of Drs. Quentin Mimms and James Wilbur. (D.I. 170) Defendant Meso Scale Diagnostics, LLC ("Meso" or "Defendant") moves to exclude certain opinions from Drs. Richard Crooks and Rene Befurt. (D.I. 166, 168)"

*Roche* also supports SBH substantively:

*Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, C.A. No. 17-189-LPS-CJB, 5 (D. Del. Oct. 21, 2019):

"Meso offers Dr. Wilbur as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), which relates to witnesses who are not required to provide a report. "

Here, Denning's experts' conclusions and opinions arise from his firsthand knowledge of activities he was personally involved in before the commencement of the lawsuit, and are not conclusions he formed because he was recruited to testify as an expert after-the-fact.  Nothing before the Court shows to the contrary..

Plaintiffs also cite to *CiRBA Inc. v. VMware, Inc.*, C.A. 19-742-GBW, 2 (D. Del. Apr. 25, 2023)  There Judge Williams states:

"Rule 702 '"has a liberal policy of admissibility[,]"' *Pineda v. Ford Motor Co.,* 520     F.3d 237, 243 (3d Cir. 2008) (citation omitted); *see also United States v. Scripps,* 599     Fed.Appx. 443, 447 (3d Cir. 2015) (same), as "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court [J" *Summit 6, LLC v. Samsung Elecs. Co., Ltd,* 802 F.3d 1283, 1296 (Fed. Cir 2015). "Vigorous cross-examination presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible  evidence." *Daubert,* 509 U.S. at 596; *see Karlo v. Pittsburgh Glass Works, LLC,* 849 F.3d 61,83 (3d Cir. 2017) (quoting *Daubert,* 509 U.S. at 596). ") Judge Williams concluded,in *CiRBA Inc. v. VMware, Inc.*, C. A. 19-742-GBW, 5 (D. Del. Apr. 25, 2023):

"However, Dr. Holler will be permitted to offer her opinions based on her personal experience, specifically her development of VMware's accused DRS products. *See Roche Diagnostics,* 2019 WL 5310220, at \*3. At trial, Dr. Holler's opinions must remain grounded in her personal experience and knowledge in the development of VMware's accused DRS products. As identified in her Rule 26(a)(2)(C) disclosure, this includes her opinions that:") This is exactly what Denning will be able to testify to per his disclosure."

Here, Denning must be allowed to give his opinions "based on [his] personal experience".

As to the "motion to strike" the affirmative defenses, as noted above, as framed it clearly is a dispositive motion under F.R.C.P 56(a): "A party may move for summary judgment, identifying each claim or **defense** – or the part of each claim or **defense** – on which summary judgment is sought." (emphasis added). Here, it cannot be dispute that is exactly what the purpose of this so-called motion to strike is and hence must be brought per a regularly noticed motion before Judge Williams.

As to the "motion to strike" the affirmative defenses, if were truly meant to be a motion to strike, procedurally the motion is barred as untimely. F.R.C.P. 12(e)

limits that motion to being "made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." The answer with affirmative defenses was filed almost 2 years ago, on April 4, 2022. ( DI 19)

Substantively, the so-called motion to strike is premised upon erroneous legal argument and speculation by plaintiffs, unsupported by any separate statement of fact or declaration. Legally, obviously, the defenses can be proven based on request for judicial notice, by mere review of prior art patents and the prosecution history, and even by lay testimony (*Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1376-1377 (Fed. Cir. 2012), without need for any expert testimony.

Regarding double patenting, this is a matter of law; reference can be made, if needed to the file histories of the patents. See *Geneva Pharmaceuticals v. Glaxosmithkline*, 349 F.3d 1373, 1385-86 (Fed. Cir. 2003) ("Our predecessor court recognized that a claim to a method of using a composition is not patentably distinct from an earlier claim to the identical composition in a patent disclosing the identical use"). This is the finding of an invalidity defense merely based on the patents at issue as a matter of law. See also *Kao Corp. v. Unilever U.S., Inc.,* 441 F.3d 963, 968 (Fed.Cir.2006). Nothing precludes defendant from arguing the

8

examiners got it wrong as a matter of law based on the prior art and the prosecution history.  That is exactly what *Inter Partes* Review does on a daily basis, so obviously an Article III judge is equally qualified to do the same as a matter of law

Further, summary judgment can still be pursued here by defendant, based on the prosecution history or prior art patents.  See e.g *Anderson's-Black Rock v. Pavement Co.*, 396 U.S. 57, 60 (1969) ("The question of invention must turn on whether the combination supplied the key requirement.  We conclude that the combination was reasonably obvious to one with ordinary skill in the art.")  Here, to the extent not present in the prosecution history or prior art, as to one  ordinary skill in the art, plaintiffs' disclosed  expert report re:  infringement provides such expert opinion upon which defendant may cite and rely to prove invalidity.  See also *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 412 (2007) where the Supreme Court approved  the district court's granting of summary judgment  based upon prior art and stipulated the level of ordinary skill.

**CONCLUSION**

The subject motions are improperly brought as motions to strike as in fact  they are

motions for a summary judgment and a Daubert motion ,which must be brought

before Judge Williams and  over which the Magistrate Judge has no jurisdiction to

consider or rule. Substantively, even were the Magistrate Judge to consider them,

the motions must be denied on both factual and legal grounds.



Dated:      March 15, 2024                    Respectfully submitted,

                                              */s/ Glenn A.Brown*

                                               Glenn A. Brown, DMD, Esq
                                              727 N. Market Street #4
                                              Wilmington, DE 19801
                                              DE Bar No. 4669
                                              (302) 225-8340
                                              glenn.brown@realworldlaw.com


                                              */s/ Frear Stephen Schmid*

                                              Frear Stephen Schmid
                                              7585 Valley Ford Road
                                              Petaluma, CA 94952
                                              (415) 788-5957
                                              frearschmid@aol.com