IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAUSCH & LOMB INCORPORATED & <br> PF CONSUMER HEALTHCARE 1 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SBH HOLDINGS LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 20-1463 (GBW) (CJB) <br><br> REDACTED - PUBLIC VERSION |

**PLAINTIFFS' MOTION TO STRIKE SBH'S
DISCLOSURE/OPINION OF UNRETAINED EXPERT WITNESS
ZAC DENNING PURSUANT TO RULE 26(A)(2)(C)
AND MOTION TO STRIKE SBH'S OTHER INVALIDITY DEFENSES
<u>AND/OR PRECLUDE ADDITIONAL EXPERT TESTIMONY</u>**

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP <br> Jack B. Blumenfeld (#1014) <br> Derek J. Fahnestock (#4705) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE  19899 <br> (302) 658-9200 <br> jblumenfeld@morrisnichols.com <br> dfahnestock@morrisnichols.com |
| OF COUNSEL: <br><br> Scott K. Reed <br> Steven C. Kline <br> Monica Chou <br> Daniel H. Kaltman <br> VENABLE LLP <br> 151 West 42nd Street, 49th Floor <br> New York, NY  10036 <br> (212) 307-5500 <br><br> *Attorneys for Plaintiff Bausch & Lomb Incorporated* <br><br> Original filing date: March 8, 2024 <br> Redacted filing date: March 18, 2024 | *Attorneys for Plaintiffs Bausch & Lomb Incorporated and PF Consumer Healthcare 1 LLC* |

Dear Judge Burke:

Defendant SBH Holdings LLC's ("SBH") Final Invalidity Contentions asserted that one or more claims of Plaintiffs' United States Patent Nos. 6,660,297 and 8,603,522 were invalid on the basis of enablement, indefiniteness, obviousness and/or obviousness-type double patenting ("OTDP").  Although SBH must prove each of these defenses by clear and convincing evidence, on the deadline to serve expert reports on which a party bears the burden of proof, SBH served no expert reports.  Instead, it provided an attorney signed document entitled "SBH's Disclosure/Opinion of Unretained Expert Witness Zac Denning" ("Denning Disclosure"), purportedly pursuant to Rule 26(a)(2)(C), that only addressed issues of indefiniteness and enablement (but not obviousness or OTDP).

Plaintiffs respectfully move to strike SBH's Denning Disclosure because it is not based on Mr. Denning's own knowledge and experience and fails to provide an adequate summary of the facts and opinions on which Mr. Denning is expected to testify, each of which is required for a Rule 26(a)(2)(C) disclosure.  In addition, Plaintiffs move to strike SBH's unexplained, nominal invalidity defenses in which SBH has not proffered any expert testimony, or at a minimum, preclude SBH from supplementing expert testimony on those defenses.  Allowing SBH to proceed with the improper and deficient Denning Disclosure or to maintain invalidity grounds without any expert testimony explaining their basis clearly unfairly prejudices Plaintiffs' ability to prepare its case.  Given that the deadline for the parties' rebuttal expert reports is April 5, 2024 (D.I. 28, ¶7(f)(i)), Plaintiffs respectfully request that to the extent able, the Court expedite its consideration of these issues after briefing is complete on March 18, 2024.

**Procedural History.**  Opening expert disclosures by the party with the burden of proof were due on February 20, 2024.  D.I. 28, ¶7(f)(i).  Invoking Rule 26(a)(2)(C), SBH served the Denning Disclosure consisting of a mere two pages reciting Mr. Denning's role at SBH and his "Opinions and Facts" on validity of the patents-in-suit based on indefiniteness and enablement.  *See* Exh. A.  Plaintiffs immediately requested SBH withdraw its disclosure due to its deficiencies.  *See* Exh. B.  Having received no expert disclosure as to SBH's other invalidity defenses, Plaintiffs also requested that SBH withdraw those defenses and confirm that SBH would not attempt to offer additional expert testimony on those issues in the litigation.  SBH disagreed with Plaintiffs' positions.  *See* Exh. C.  During a March 5th meet and confer, SBH refused to withdraw either the Denning Disclosure or its invalidity defenses for which it provided no expert disclosure.

**Standard for Expert Disclosure.**  Rule 26(a)(2)(B) requires parties to disclose the identity of their expert witnesses "accompanied by a written report prepared and signed by the witness."  "If a party fails to provide information or to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial."  Fed. R. Civ. P. 37(c)(1).  Rule 26(a)(2)(C) allows parties to disclose certain information regarding the opinions expected to be offered by non-retained experts without providing a written report.  However, such disclosures "must state: . . . (ii) a summary of the facts and opinions to which the witness is expected to testify."  *Id.*  To be exempt from the requirement of a report set by Rule 26(a)(2)(B), however, an expert may only testify as to opinions derived from personal knowledge outside of litigation.  *See, e.g.*, *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, C.A. No. 17-189-LPS-CJB, 2019 WL 5310220, at *3 (D. Del. Oct. 21, 2019)

1

(precluding a Rule 26(a)(2)(C) expert from testifying because his opinions were not based on his own knowledge and experience); *Cirba Inc. v. VMware, Inc.*, C.A. No. 19-742-GBW, 2023 WL 3151853, at *2-3 (D. Del. April 18, 2023); *Beane v. Utility Trailer Mfg. Co.*, No. 10-cv-781, 2013 WL 1344763, at *3 (W.D. La. Feb. 25, 2013) ("[T]he distinction between a 26(a)(2)(B) expert and a 26(a)(2)(C) [non-reporting] expert is that 26(a)(2)(C) experts' conclusions and opinions arise from firsthand knowledge of activities they were personally involved in before the commencement of the lawsuit, and ***not conclusions they formed because they were recruited to testify as an expert after-the-fact***.") (emphasis added); *Webastro Thermo & Comfort North America, Inc. v. Bestop, Inc.*, C.A. No. 16-13456, 2019 WL 2417070, at *3 (E.D. Mich. June 10, 2019) (finding that when the expert's opinion was formed during litigation, at the request of counsel, not pre-litigation during the course of his work, that expert did not qualify to testify as a Rule 26(a)(2)(C) expert).

**SBH's Denning Disclosure Fails to Comply with Rule 26(a)(2)(C).** Mr. Denning cannot provide testimony as a Rule 26(a)(2)(C) expert in this case because his indefiniteness and enablement opinions on the patents-in-suit were ███████████████████████████████████████████████████████████████ Mr. Denning is SBH's Director of Scientific & Professional Affairs; he has no relevant experience rendering him competent to opine on issues of invalidity. *See* Exh. F at 191.  Because Mr. Denning does not qualify as a Rule 26(a)(2)(C) expert who can testify without providing a written report, the Denning Disclosure should be stricken.

In addition to being an unqualified Rule 26(a)(2)(C) expert witness, SBH's disclosure falls far short of the requirements of Rule 26(a)(2)(C) because the disclosure contains conclusory opinions without providing any actual factual basis. "Courts have found that a party cannot comply with its disclosure obligations under [Rule 26(a)(2)(C)] by merely stating the topic that will be discussed at a high level and/or identifying documents containing information consistent with the opinion testimony to be offered." *Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.*, No. 4:13-cv-1043-SPM, 2015 WL 8770712, at *2 (E.D. Mo. Dec. 15, 2015). SBH's disclosure only provides conclusory opinions on some invalidity defenses without a summary of any facts that support them. For example, the disclosure states that Mr. Denning will opine that a POSA would not be able to determine the formulation of the present invention, but provides no factual basis or support for that conclusion, e.g., why no reasonable POSA could determine how to formulate the required vitamin A in the form of beta-carotene, substituted or supplemented with lutein, zeaxanthine or a raw material combination thereof. The disclosure's conclusory opinions do not amount to the rule's required "summary of facts and opinions" and thus is not sufficient to satisfy Rule 26(a)(2)(C). *See Emerson*, 2015 WL 8770712, at *2.

Allowing SBH to proceed with the Denning Disclosure would unfairly prejudice Plaintiffs and be contrary to Rule 26(a)(2)(C), which introduced disclosure requirements for the narrow class of experts not required to provide reports. *See Brown v. Providence Med. Ctr.*, No. 8:10-cv-230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011) (purpose of Rule 26(a)(2)(C) is to "increas[e] efficiency and reduc[e] unfair surprise.") The Denning Disclosure forces Plaintiffs (and its experts) to guess what the reasons for the opinions are. This results in inefficiency and potential "unfair surprise" in clear violation of the objective of the Rule.

**The Court Should Strike SBH's Invalidity Defenses For Which SBH Did Not Provide Expert Testimony.** SBH's Final Invalidity Contentions alleged four invalidity defenses: obviousness, OTDP, enablement, and indefiniteness. Plaintiffs notified SBH of several deficiencies in the Final Invalidity Contentions. *See* Exh. D. With respect to SBH's contentions of OTDP, SBH failed to provide any claim-by-claim analysis, nor an analysis on why any differences are not patentably distinct. *See UCB, Inc. v. Accord Healthcare, Inc.,* 890 F.3d 1313, 1323 (Fed. Cir. 2018). With respect to SBH's contentions of obviousness, SBH failed to explain (1) what specifically in the listed references rendered the patents invalid as obvious, (2) the specific combination of references it was asserting, or (3) why a POSA would be motivated to combine the teachings of the prior art. This contradicted the requirements that SBH "should include supporting evidence" for each of its invalidity theories and identify "the claim element(s) disclosed by each reference in the combination." *Cleveland Med. Devices, Inc. v. ResMed Inc.*, C.A. No. 1-22-cv-00794 (D. Del. Oct. 20, 2023), D.I. 177 at 2-3 (*see* Exh. H); *see also Astellas Pharma Inc. v. Sandoz Inc.*, C.A. No. 1-20-cv-01589 (D. Del. April 21, 2022), D.I. 343 (ordering that Defendant must "provide fulsome detail regarding the obviousness arguments for those specific invalidity *combinations*") (emphasis added) (*see* Exh. I). SBH supplemented its Contentions on December 5, 2023 without addressing any of those deficiencies. *See* Exh. G. Although Plaintiffs again requested that SBH further supplement its Invalidity Contentions to address those deficiencies, SBH failed to do so. *See* Exh. E. Rather than burden the Court with motion practice at that time, Plaintiffs opted to wait for affirmative expert disclosures. But those disclosures never arrived.

The Denning Disclosure does not refer to obviousness or OTDP. Allowing SBH to proceed with invalidity defenses that it bears the burden of proof on without any expert testimony in support is futile. *See Invista N. Am. S.À.R.L. v. M&G USA Corp.*, 951 F. Supp. 2d 626, 652 (D. Del. 2013) (finding that "[w]ithout expert testimony . . . [Defendant] cannot carry its burden of clear and convincing evidence for obviousness."). It would also unfairly prejudice Plaintiffs because, given SBH's deficient Invalidity Contentions, Plaintiffs would merely be speculating as to what the bases are related to SBH's obviousness and OTDP defenses, which would be an inefficient use of time and resources, and indeed invert the burdens as to these defenses. As such, SBH's invalidity defenses on obviousness and OTDP should be stricken. During the meet and confer, SBH indicated that it had no intention to disclose any additional expert testimony on invalidity defenses that were not addressed in the Denning Disclosure. Thus, at a minimum, SBH should be precluded from offering any expert testimony on those invalidity defenses going forward in this case.

**Conclusion.** For the foregoing reasons, Plaintiffs respectfully request that the Court strike SBH's Denning Disclosure; and strike SBH's invalidity defenses on which SBH provided no expert testimony, or at a minimum, exclude additional expert testimony on these defenses.

3

          Respectfully,

          */s/ Derek J. Fahnestock*

          Derek J. Fahnestock (#4705)

DJF/rah  
Enclosure  
cc: All Counsel of Record (via CM/ECF and e-mail)

4