IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAUSCH & LOMB INCORPORATED & PF CONSUMER HEALTHCARE 1 LLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 20-1463 (GBW) (CJB) |
| v. | ) ) | **REDACTED - PUBLIC VERSION** |
| SBH HOLDINGS LLC, | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE SBH'S
DISCLOSURE/OPINION OF UNRETAINED EXPERT WITNESS
ZAC DENNING PURSUANT TO RULE 26(A)(2)(C)
AND MOTION TO STRIKE SBH'S OTHER INVALIDITY DEFENSES
AND/OR PRECLUDE ADDITIONAL EXPERT TESTIMONY**

OF COUNSEL:

Scott K. Reed
Steven C. Kline
Monica Chou
Daniel H. Kaltman
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY  10036
(212) 307-5500

*Attorneys for Plaintiff Bausch & Lomb Incorporated*

Original filing date: March 18, 2024
Redacted filing date: March 25, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiffs Bausch & Lomb Incorporated and PF Consumer Healthcare 1 LLC*

Dear Judge Burke:

SBH's response fails to: (1) acknowledge that the date to provide expert affirmative testimony was February 20, 2024; (2) acknowledge that the Court denied SBH's request to modify the Scheduling Order regarding expert disclosures (after SBH admitted that it had not even hired any experts to support its invalidity defenses) and directed the parties to adhere to the Scheduling Order including the deadline for filing affirmative expert disclosures (D.I. 109); (3) acknowledge that as a result of its failure to adhere to the Scheduling Order, SBH is now precluded from offering any expert opinions in support of any of its invalidity defenses (other than those allegedly addressed in the Denning disclosure); (4) explain how Mr. Denning can now testify about issues he ████████████████████████████████; and (5) explain how Mr. Denning's bare-bones disclosure fulfills the requirements of a Rule 26(a)(2)(C) unretained expert disclosure. These failures severely prejudice Plaintiffs' ability to submit their responsive reports, due April 5, 2024, and to prepare their case for trial.[1]

**SBH Fails to Refute that Mr. Denning's Proposed Testimony Is Improperly Derived From the Litigation.** To attempt to maintain the threadbare Denning Disclosure, SBH again relies on specious procedural arguments to try to avoid the implications of its failure to comply with its discovery obligations. Its assertion, based on *Roche*, that the motion is premature and should await the *Daubert* phase mischaracterizes the motion. The issue at this stage is **not** whether Mr. Denning ultimately can survive the Court's gatekeeping function under *Daubert*. Instead, the motion is based on (1) the propriety of the invocation of Rule 26(a)(2)(C), and (2) the inadequacy of the disclosure to the extent Mr. Denning is exempt from providing a Report (infra). There is no dispute that a proper Rule 26(a)(2)(C) disclosure requires that the proffered expert's testimony be based on opinions derived outside of litigation. *See* D.I. 114 at 1-2. SBH asserts that Mr. Denning's "conclusions and opinions arise from his firsthand knowledge of activities he was personally involved in before the commencement of the lawsuit, and are not conclusions he formed because he was recruited to testify as an expert after-the-fact." D.I. 115 at 6. But Mr. Denning was already deposed, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ As such, SBH cannot demonstrate that Mr. Denning is an appropriate Rule 26(a)(2)(C) expert witness.

---

[1] Although SBH chides Plaintiff for not filing a separate 7.1.1 Certificate with its motion (an omission that Plaintiffs acknowledge, but that was inadvertent), it concedes that a meet and confer *did* occur on March 5. D.I. 115 at 3-4. Delaware counsel for both parties were present. Although Plaintiffs' opening brief notes the meet and confer (D.I. 114 at 1), for the avoidance of doubt, Plaintiffs have now filed a separate 7.1.1 Certificate. D.I. 116. SBH's further allegation that the meet and confer was in any way inadequate or not conducted in "good faith" is baseless; before and during the meet and confer, Plaintiffs set forth the factual and legal bases for their motion to strike and included case law in support. *See* D.I. 115, Exh. 1 at 2-3 (March 1, 2024 Plaintiffs' email to SBH).

1

**The Denning Disclosure Does Not Comply with Rule 26(a)(2)(C).** SBH's Opposition makes no effort to address the failure to disclose any summary of facts in support of the conclusory opinions in the Denning Disclosure. Instead, SBH deflects by dismissing *Emerson* as an unpublished case from another district, implying that the Court should simply disregard it. SBH also ignores that Plaintiffs cite to other district court cases from the Third Circuit. D.I. 114 at 1-2. All of these cases are persuasive authority. Even if Mr. Denning were offering opinions consistent with his personal knowledge, Plaintiffs were entitled to a disclosure that provided the "facts and opinions" that would form his testimony. The Denning Disclosure provides nothing of the sort.

**SBH's Obviousness and OTDP Defenses Should Be Stricken.** SBH has had every opportunity to provide the claim-by-claim analysis required to disclose adequately its obviousness and OTDP defenses. It did not do so in its initial invalidity contentions, its final invalidity contentions, or—after Plaintiffs complained—in its supplemental final invalidity contentions. And despite representing to the Court that the case should be stayed because a *Markman* opinion would be necessary for expert discovery, SBH provided no expert report at all and no substantive expert disclosure whatsoever, despite having the *Markman* Opinion in hand.

In an attempt to cobble together a basis to maintain unelucidated affirmative defenses, SBH argues that it may prove them with a "request for judicial notice, by mere review of prior art patents and the prosecution history, and even by lay testimony . . . ***without need for any expert testimony***." D.I. 115 at 8. It is not enough to say that the Court can take judicial notice of the prosecution history and then wait until dispositive motions or later to provide the actual theories employing it. Whether or not SBH plans to use an expert, ***Plaintiffs*** are entitled to present expert testimony on these defenses, and to do so, they need to know what SBH's theories are. As of now, with responsive expert reports less than three weeks away, Plaintiffs are in the dark. That is untenable.

As it cannot point to any actual disclosure of either defense, SBH instead attempts to buy itself even more time by arguing procedure. The gist of its argument is that if holding it to its discovery obligations means defenses are stricken, the motion would be, in effect, dispositive. As such—per SBH—it is a "dispositive motion" and procedurally improper. Not so: discovery motions do result in the preclusion of theories, the use of evidence, and even belatedly disclosed defenses. Here, the only way to avoid severe prejudice to Plaintiffs is to strike the defenses or, at a minimum, preclude any supplementation or further elucidation.

At this stage, granting SBH any opportunity to supplement the Denning Disclosure or its Invalidity Contentions is an inadequate remedy here because it would unfairly reward SBH with the delay it sought, and which the Court refused, when SBH moved to stay the action pending the Court's *Markman* decision. D.I. 109. SBH has been on notice for years of its burden and of the applicable deadlines, yet it chose to file motion after fruitless motion hoping for delay (e.g., D.I. 68; D.I. 99). Instead of choosing delay and obfuscation, SBH should have been diligently preparing its case. Plaintiffs should not bear the brunt of SBH's decisions.

**Conclusion**. The Court should strike SBH's Denning Disclosure. SBH should not be allowed to set forth its invalidity defenses on obviousness and OTDP. At a minimum, SBH should be held to the letter of the disclosures already provided.

Respectfully,

*/s/ Derek J. Fahnestock*

Derek J. Fahnestock (#4705)

DJF/rah

cc: All Counsel of Record (via CM/ECF and e-mail)

3