IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED & PF CONSUMER HEALTHCARE 1 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SBH HOLDINGS LLC, <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 20-1463 (GBW) (CJB) ) ) ) ) ) |

**PLAINTIFFS' OPENING LETTER BRIEF IN SUPPORT OF THEIR MOTION TO
COMPEL PRODUCTION OF UPDATED DAMAGES INFORMATION**

OF COUNSEL:

Scott K. Reed
Steven C. Kline
Monica Chou
Philip J. Dutko
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY  10036
(212) 307-5500

*Attorneys for Plaintiff Bausch & Lomb Incorporated*

November 1, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiffs Bausch & Lomb Incorporated and PF Consumer Healthcare 1 LLC*

Dear Judge Burke:

      Plaintiffs Bausch & Lomb Incorporated and PF Consumer Healthcare 1, LLC (collectively "Bausch" or "Plaintiffs") seek an Order compelling Defendant SBH Holdings LLC ("SBH") to provide updated damages information for the accused products in this action in the form of sales information in units and dollars, and any updated cost per unit information. Bausch seeks this information so that the parties may go to trial on the most recent information and avoid deferring significant damages to a post-trial accounting.[1] SBH's refusal to produce damages information appears to be more than an attempt to delay the collection of substantial damages, however. SBH's professed basis for refusing to update its information is a disputed line in paragraph 6(c) of the original Scheduling Order, entered on July 22, 2022, that limits the initial production of sales figures to the period up to March 23, 2021.[2] That reliance is baseless. SBH's latest attempt to circumvent expected litigation practices should be rejected, and SBH should be ordered to update its sales figures prior to trial.

      Bausch filed this action in October 2020, asserting two patents: U.S. Patent Nos. 6,600,297 (the "'297 Patent") and US Patent No. 8,603,522 (the "'522 Patent"). The '297 patent expired March 23, 2021. The '522 patent from a continuation application ultimately claiming priority to the same March 23, 2001 application, but received a patent term adjustment of 1,775 days. It remains pending and does not expire until January 31, 2026. As such, damages discovery up to the present is clearly relevant and SBH cannot dispute its Rule 26 duty to supplement.

      SBH's reliance on paragraph 6(c) of the Scheduling Order the provision to withhold sales data (or even bar damages) is unavailing. On its face, the provision does not immunize sales made after March 23, 2021 throughout the case from discovery any more than any other initial discovery restriction is final. In addition, it clearly relates to initial discovery because it refers only to sales figures and not the more extensive damages documents that are generally produced. Nor does it say (nor could it) that damages for future time periods are foreclosed. Indeed, this provision is consistent with typical practice, where supplemental sales figures are exchanged as a case nears trial (without any need for court intervention). On that basis alone, Bausch's motion should be granted. But even if leave were required here, there is good cause for it.

      There is certainly no substantive basis to so limit damages discovery. A patent is presumed valid, and one whose patent is infringed is entitled to "not less than a reasonable royalty" by statute. It is unfathomable that an initial discovery cutoff would operate to put off damages discovery until liability is fully litigated, or even to abrogate the statutory right to damages for the remaining term of the patent. Indeed, the provision itself contemplates an Order modifying the cutoff. See D.I.

---

[1] A Proposed Order is attached. The Order further contemplates production of financials by Bausch and supplemental expert reports solely to accommodate updated information.

[2] Paragraph 6(c) of the Scheduling Order states as follows:

By September 15, 2022 . . . **Subject to the Court ordering production for a different time period, by September 15, 2022, Defendant shall produce sales figures for the accused products for the period starting October 28, 2014 through and inclusive of March 23, 2021.** (D.I. __ (emphasis added)).

XX at 6(c) ("Subject to the Court ordering production for a different time period….")

SBH may point to the fact that the Court adopted this SBH-proposed provision over Bausch's objection, and without a hearing, based on SBH's representation that "Plaintiffs' patents [plural] manifestly expired on March 23, 2021." (D.I. 27, joint letter).

The main problem with SBH's argument is that, on its face, the '522 Patent has not expired at all and ***will not expire until 2026***. SBH may have a litigation position that the asserted claims of the second patent are invalid, but it needs to prove that defense and cannot rely on it to withhold ***discovery into*** damages. SBH's efforts at invalidating the claims of the '522 Patent have been rejected thus far: SBH has argued (though without any expert evidence) that the asserted claims are invalid over the claims of the earlier-expired '297 patent. This argument formed part of the basis of SBH's motion for judgment on the pleadings, which was denied by the Court, adopting the Report and Recommendation. (D.I. 102, 189). There are now dueling motions for summary judgment directed to the defense. (D.I. 154, 172). But under no theory can SBH argue that the '522 Patent has "expired" already, or that it is Bausch's burden to prove or make some showing as to validity to obtain relevant damages discovery.

Bausch did not understand that in adopting the March 23, 2021, cutoff for initial damages discovery, the Court adopted SBH's reasoning (which facially assumes its conclusion that one of the patents expired 5 years before its expiration date or is invalid), or its burden shifting (requiring Bausch to affirmatively demonstrate validity or a likelihood of validity to be entitled to discovery). Instead, Bausch expected that SBH would be required to update such sales figures during discovery and again before trial, as is standard. Bausch has reached out to SBH on more than one occasion to obtain updated sales figures, but SBH has refused. In February, after the Court denied SBH's motion to postpone expert dates, Bausch requested updated figures. (Ex. 1). Rather than relying on the Scheduling Order as it now does it refusing to update, SBH relied nonsensically on its then-pending objections to the Court's report and recommendation denying its motion on the pleadings, and forthcoming objections to the report and recommendation of certain claim constructions. (*Id.*). Withholding discovery pending objections to denial of a dispositive motion or a perceived-as-dispositive claim construction is contrary to SBH's duty to participate in discovery. Yet after both R&R's were adopted by Judge Williams, SBH did not respond to another request (Ex. 2).

SBH's most recent argument (in the e-mail pasted into SBH's October 25 letter, D.I. 220) appears to be something closer to waiver—that whatever the propriety of such a provision as SBH conceives it, it exists and it is too late to change it. This position is also indefensible. There is certainly no prejudice to SBH in producing sales figures now for roughly the last three years. The "burden" is trivial: with or without a date cutoff, sales figures would be produced during discovery and then updated before trial. And the Court did not enter a trial date until October 3, 2024 (D.I. 190), scheduling a jury trial beginning April 14, 2025. That approaching trial date is why Bausch approaches the Court now. In any event, if good cause is needed, it surely exists—barring damages discovery for one of the patents-in-suit after the expiry of another would merely create more work for post-trial accounting.

SBH's latest effort at an end around proper procedures should be rejected, and it should be ordered to update damages information.

                        Respectfully,

                        */s/ Derek J. Fahnestock*

                        Derek J. Fahnestock (#4705)

DJF/rah  
Enclosures  
cc:    All Counsel of Record (via e-mail)