**FREAR STEPHEN SCHMID**
ATTORNEY AT LAW
7585 Valley Ford Road
Petaluma, CA 94952
Tel: 415-788-5957
e-mail: frearschmid@aol.com

January 9, 2025

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, Delaware 19801

Re:    *Bausch & Lomb Incorporated, et al. v. SBH Holdings, LLC,*
       C.A. No. 20-1463 (GBW) (CJB) Letter Brief re motion to strike, modify or vacate

Dear Judge  Burke,

Defendant SBH moves to strike, modify  or vacate the oral order requiring the parties to prioritize their Summary Judgment  motions per Judge Williams' procedure. (D.I. 242), in whole or in part, as clearly legally erroneous and  non-compliant with SBH's right to have its pending summary judgment motions heard. The order improperly denies all parties their right to have their motions considered. See *Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210, 215 (2d Cir. 2024) ("'Absent extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation . . . or a failure to comply with sanctions imposed for such conduct . . . a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure.' *Richardson Greenshields Sec.*,825 F.2d at 652  (citations omitted). Put simply, district courts' pre-motion requirements cannot operate to prevent parties from moving for -- or opposing -- summary judgment."). Given the cleary erroneous nature of the order it must be stricken, modified or vacated. *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) ("' . relief should be granted from manifest error, remained inherent in the courts.'")

The Oral Order (D.I. 242) states:
**The Court, having conferred with Judge Williams regarding the pending summary judgment motions, hereby ORDERS as follows: (1) Judge Williams wishes that his procedures for summary judgment motions be utilized in the case, which are as follows:  Any party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. The first motion the party wishes the Court to consider shall be designated #1, the second motion shall be designated #2,**

1

**and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined *sua sponte* by the Court, the Court will not review any lower ranked summary judgment motions filed by the party.; and (2) As a result, by no later than one week from the date of this Order, the parties shall file a joint letter of no longer than one page confirming whether the current numbering of the summary judgment motions constitutes the order in which the parties wish the Court to review their respective pending motions (and if not, indicating the order in which the Court should review the pending summary judgment motions).**

The order is clear that numerous of the parties' respective motions for summary judgment will not be considered or ruled on. For clarity, SBH has no issue with the directive that it prioritize its motions. The vice of the order is that it states the court will not rule on all of the motions. It is that portion of the order that must be stricken or modified so that it is clear that the Court will consider and rule on each motion. The order gives SBH a Hobson's choice that cannot be reconciled with it rights under F.R.C.P. 56. The pending summary judgment motions will completely dispose of this case, or at least limit the issues for trial. Public policy favors resolution of cases by means of summary judgment. See e.g. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Because Judge Williams became judge after this case was well along, the only scheduling order is that of Judge Burke, issued July 25, 2022 (D.I.28). It has no such provisions about prioritizing summary judgment motions. It only specified page limits and last date to file. The case was first assigned to newly appointed Judge Williams on Sept. 7, 2022. On Sept.12, 2022, Judge Williams referred the case to Judge Burke (D.I.40), excluding summary judgment motions, Daubert motions and motions in limine. On July 1, 2024, Judge Williams assigned to Judge Burke summary judgment motions and Daubert motions , ordering Judge Burke was to submit and file R&R including proposed findings of fact and proposed dispositions (D.I. 143). Absolutely no mention about any limitation on motions for summary judgment was made in that order. The parties filed their respective motions on Sept 3, 2024, per last day to do so under the scheduling order. Plaintiffs filed 5 separate summary judments. (D.I. 153-157). SBH's original notice of motion (D.I. 150) reads as follows:

To the Court and all parties and their respective attorneys of record:
Notice is hereby given that defendant SBH Holdings LLC hereby moves pursuant to Rule 56 for summary judgment or in the alternative partial summary judgment in its favor as against the plaintiffs as to all claims they assert in their complaint as to U.S. Patents Nos. 6,660,297 and 8,605,522 and as to defendant's affirmative defenses of indefiniteness and lack of enablement as to patent 6,660,297 Claim 19 and its dependent claim 24, as failing to meet the standard of certainty, definiteness and enablement required by 35 USC § 112, and as to the affirmative defense of obviousness as to patent 8,605,522 due to double patenting. and further for summary judgment or partial summary judgment of defendant's counterclaim 2, paragraphs 12 and 13, ..

Thereafter, the Court ordered (D.I.170):**"For the Court's administrative purposes, the Court hereby ORDERS that by no later than September 9, 2024, Defendant shall file individual one-page motions for each motion/ground that it raises in its motion for summary judgment."**

The Court's order required that a separate "motion" be designated for each separate "ground", which SBH attempted in good faith to do. SBH promptly filed 9 separate "motions" (D.I.171-179) - each addressing the legal ground set forth in its summary judgment brief (D.I.151). Thus, for example its brief's arguments addressing DOE became split up and were identified as Motions Nos. 2, 3, and 4, which should logically be considered together, as they are all directed to the complaint's claim of DOE infringement. Thus, these SBH "motions" (2, 3, and 4) are actually a single motion for summary judgment for non-infringement under the docfrine of equivalents based on caselaw arguments, patent specification and prosecution history.

The subject prioritization order order (D.I. 242) is de facto a change of the existing scheduling order (D.I. 28-29), a change made without any notice or opportunity to be heard. The parties in reliance on the provisions of the existing scheduling order, filed their respective motions for summary judgment and Daubert motions. It should be noted that Daubert motions were used, per the scheduling order, to calculate the total number of combined page limt allowed for the summary judgment brief. In changing the rules applicable to the summary judgment brief motions after they were fully briefed, the Court has denied the parties of notice and opportunity to be heard on a crucial procedural issue. Here, SBH "is procedurally prejudiced" *Kowalchuck v. Metro. Transp. Auth.*, *supra*, at 216. Thus, the subject prioritization order order (D.I. 242) as phrased is clearly violative of the parties' rights to have all of the motions considered and ruled on under Rule 56.

> SHB on Jan. 6, 2025 met and conferred plaintiffs regarding the subject motion, to wit:
> **From:**frearschmid@aol.com
> **To:**Derek Fahnestock,Steven C. Kline,Monica Chou
> Further to my email below SBH intends concurrent with seeking the relief set forth therein, will file a motion for stay of proceedings pending resolution of the relief from the oral order.. In this regard please take note of In re Halliburton (Fed Circ. 1993) 991 F. 2d. 810, stating as follows:
> In Richardson, the Second Circuit stated that absent extraordinary circumstances, "a [district] court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure." Richardson, 825 F.2d at 652. We are in agreement with this principle.
> Please advise as to your position re a temporary stay. Thanks.

Plaintiffs' response was on Jan.7, 2025:
> We do not agree to either request. As to the ranking of motions, we see no basis to depart from the Court's chosen procedure, which is intended to promote judicial efficiency and conserve judicial resources.

## BACKGROUND

This case was summarized by District Judge Geraci in *Bausch & Lomb Inc. v. ZeaVision LLC*, No. 20-CV-06452-FPG, (W.D. NY. Aug. 31, 2022), as one of ten actions involving the same subject patents-in-suit that plaintiffs filed in the Western District of New York, to wit:

On June 30, 2020, Plaintiffs filed its present Complaint against Defendant, as well **as ten other similar complaints against different defendants, in which**

3

**Plaintiffs allege infringement of the patents-in-suit.** ECF No. 1.

***

On June 30, 2020, Plaintiffs filed a Complaint against **SBH Holdings LLC ("SBH"),** a Delaware limited liability company and non-party to the present action or any of the above actions, in the Western District of New York, alleging infringement of the patents-in-suit. *See Bausch & Lomb Inc. v. SBH Holdings LLC*, **No. 20-cv-06451 (June 2020, W.D.N.Y.). On October 1, 2020**, SBH moved to dismiss the action for improper venue under Rule 12(b)(3). *Id*. On November 2, 2020, Plaintiffs voluntarily dismissed the Complaint under Rule 41(a)(1)(A)(i). *Id*. On October 28, 2020, Plaintiffs brought the same action for patent infringement against SBH, but in the District of Delaware.

The '297 patent expired on March 23, 2021. The '522 patent, a full continuation of the original '297 patent, is either invalid due to double patenting ( *Abbvie Inc. v. Mathilda & Terence Kennedy Inst.*, 764 F.3d 1366 (Fed Cir. 2014).or at the very least necessarily expired on the same date as the '297 patent, March 23, 2021, instead of the supposed date of Jan. 31, 2026. Although SBH's alleged products had been on the market for over 16 years, and plaintiffs were well aware of the products, plaintiffs waited until the eve of the expiration of their patents to file this action. Thus, timewise,and in the interest of judicial efficienct, SBH is entitled to a complete consideration of all of its motions.

Dated: January 9 2025                    Respectfully submitted,

                                       */s/Frear Stephen Schmid*

                                    Frear Stephen Schmid
                                    Pro hac vice for defendant

Dated: January 9, 2025                    */s/Glenn A.Brown*

                                    Glenn A. Brown
                                    727 N. Market Street #4
                                    Wilmington, DE 19801
                                    DE Bar No. 4669
                                    (302) 225-8340
                                    glenn.brown@realworldlaw.com

4

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.1**


    I, Frear Stephen Schmid, hereby certify that on behalf of defendant SBH, I and local counsel , Glenn Brown,  in good faith participated in a telephone call on Jan.9, 2025  with plaintiffs' local counsel, Derek Fahnestock, and attempted to resolve the issue addressed above concerning Judge Burke's Oral Order (D.I. 242). No agreement was reached.


Dated: January 9, 2025


                    */s/Frear Stephen Schmid*

                    Frear Stephen Schmid
                    Pro hac vice for defendant