UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED & PF CONSUMER HEALTHCARE 1 LLC<br><br>Plaintiffs,<br><br>vs.<br><br>SBH HOLDINGS LLC,<br><br>Defendant | Civil Action No.: **20-cv-01463-GBW-CJB**<br><br>**DEFENDANT SBH'S OBJECTION TO JUDGE BURKE'S ORDER DATED FEBRUARY 12, 2025, STRIKING DISCLOSURE-DEDICATION ARGUMENTS** |

Attorney for defendant SBH HOLDINGS LLC
   Glenn A. Brown,

   Attorney at Law
   727 N. Market Street #4
   Wilmington, DE 19801
   TEL:  (302) 225-8340
   EMAIL:  glenn.brown@realworldlaw.com


Attorney for defendant SBH HOLDINGS LLC

   Pro Hac Vice  Counsel for defendant SBH HOLDINGS LLC :


Frear Stephen Schmid                              Thomas M. Freiburger

7585 Valley Ford Road                              P.O. Box 1026
Petaluma, CA 94952                                 Tiburon, CA 94920
Tel: 415-788-5957                                  Tel:  415-435-0240
frearschmid@aol.com                                tfreiburger1@yahoo.com

DATED;FEBRUARY 18, 2025

1

## SBH'S OBJECTION TO JUDGE BURKE'S ORDER DATED FEBRUARY 12, 2025, STRIKING DISCLOSURE-DEDICATION ARGUMENTS

Defendant SBH hereby objects to Judge Burke's oral order (D.I. 250). The review standard is *de novo* , as purely a question of law was presented to and ruled on by Judge Burke. The order struck SBH's strictly legal argument citing case law applying the disclosure-dedication rule, which SBH had cited in support of its motion for summary judgment (D.I. 197-1 p.3) and in opposition to plaintiff B&L's summary judgment (D.I. 211,p. 37). The motion to strike was premised exclusively on B&L's interrogatory # 8 (see D.I. 197 p.2 ) and on two inapposite cases. See D.I. 197 p. 2; *British Telecommc'ns PLC v. IAC/InterActiveCorp, C.A. No. 18-366-WCB*, 2020 WL 3047989 at * 2 (D. Del. June 8, 2020) (Denying motion for leave to amend invalidity contentions after deadline) and *Matsushita Elec. Indus. Co., Ltd., v. Cinram Int'l., Inc*., 299 F. Supp. 2d 348, 366 (D. Del. 2004) (Involving a exclusion of undisclosed facts in response to an interrogatory and a declaration based on those undisclosed facts).

Judge Burke's decision is based on the notion that SBH failed to identify such case law in response to B&L's Interrogatory # 8. Judge Burke improperly construed and treated that interrogatory relied on by plaintiffs (B&L) as a "contention interrogatory" seeking legal contentions. That interrogatory sought facts, not legal contentions, that is, factual distinctions, e.g. why SBH's products or method are distinct from the claims. The interrogatory does not seek legal contentions. Interrogatory # 8 (D.I. 197-2 p.3 ) reads as follows:

> With respect to each of SBH's products referred to in Interrogatory No. 1, if SBH has ever believed or contended or now believes or contends that its commercial manufacture or sale thereof, by, for or relating in any way to SBH and/or the use thereof by consumers does not or will not infringe any claim of the '297 patent and/or the '522 patent either literally or under the doctrine of equivalents, and/or indirectly infringe any claim of the '297 patent and/or the '522 patent, describe in detail the basis for each such belief or contention including, but not limited to, identifying all documents and things referring to, relating to or recording each such belief, contention or the basis therefore

2

>[sic]; and the persons who made, or contributed information for, any studies relating to whether such use fall within such claims and identify all documents and things referring or relating in any way thereto.

First, the reference to infringement of "any claim" by SBH's "commercial manufacture or sale [of SBH's products] . . . or the use thereof by consumers" is directed at the wording of each particular claim as against SBH's products, and certainly not case law regarding DOE.

Second, the interrogatory, in requiring a detailed explanation of the basis for each such belief, was focused at documents and things relating to that belief of non-infringement of the claim, and persons who contributed information or studies relating to that non-infringement belief and documents relating thereto. This certainly does not alert SBH that B&L was seeking any case law or legal rules that SBH would rely on. The entire thrust of the query is directed at facts and factual distinctions between particular claims and SBH products.

Squarely confirming that the interrogatory was not seeking legal contentions is the immediately following Interrogatory # 9 (D.I. 197-2 p.3 ). There, B&L posed the following Interrogatory #9 on SBH:

>State the complete factual **and legal** basis for any contention by SBH that Bausch & Lomb's claim for relief . . . is barred . . . based on statute of limitations and marking, judicial estoppel, unenforceability of the '522 patent due to double patenting, and unclean hands. [Emphasis. added]

Thus, where B&L was requesting a legal contention or basis, B&L plainly and unambiguously stated that request. In contrast, Interrogatory # 8 was plainly devoid of any such request. This discrepancy between the clear language of Interrogatory # 9, and the rambling convoluted Interrogatory # 8, cannot be attributed to lack of legal sophistication on the part of B&L's legal team, Venable LLC, whose website boasts of 900 plus professionals:

>Venable's Patent Litigation team is led by seasoned trial lawyers with significant experience handling complex, high-profile patent matters. They are

3

supported by Venable's Patent Prosecution Group, which boasts dozens of attorneys with advanced degrees in chemistry, biotechnology, immunology, physics, computer science, and electrical and mechanical engineering.

"Disclosure-dedication" is simply case law on barring DOE application. To hold that SBH cannot use this case law in support of summary judgment is to hold that a party cannot, in preparation for a summary judgment motion, do further legal research and cite newly found cases. This Court would be prohibiting a defendant from performing legal research and using relevant case law from that research in preparation for summary judgment.

Judge Burke's ruling refers to the Interrogatory # 8 as seeking "any reason" for SBH's belief, but the interrogatory was actually asking the factual "basis" for why "claims" are not infringed as quoted above. The interrogatory was seeking factual and documentary basis, or distinctions based on wording of each claim.

*Computer Prods., Inc. v. Foxconn Int'l, Inc.*, 355 F.3d 1353 (Fed. Cir. 2004) at 1364 holds: "Whether the disclosure-dedication rule prevents a patentee from pursuing a doctrine of equivalents infringement theory is a question of law . . . ."

In similar vein, *Eagle Pharm. Inc. v. Slayback Pharma LLC*, 958 F.3d 1171, 1177-78 (Fed. Cir. 2020) holds the following:

> Expert testimony is not always required for a district court to determine how a skilled artisan would understand a patent's disclosure and claimed invention. *Union Carbide Corp. v. Am. Can Co.*, 724 F.2d 1567, 1573 (Fed. Cir. 1984) (stating that a patent's disclosure may be "easily understandable without the need for expert explanatory testimony"

See also *Eagle Pharm. Inc. v. Slayback Pharma LLC*, supra, 1177 (Fed. Cir. 2020)

> The application of the disclosure-dedication doctrine is a question of law. *Pfizer*, 429 F.3d at 1378. Here the district court concluded that the patents themselves provided "sufficient context to decide a question of law, i.e., that the disclosure-

dedication doctrine applies to bar Eagle's claims for infringement under the doctrine of equivalents." *Eagle* ,382 F.Supp. 3d at 346.

See further *In re Bendamustine Consol. Cases*, Civil Action No. 13-2046-GMS, 4 (D. Del. Apr. 29, 2015):

> Thus, it is unnecessary to inquire into whether "one of ordinary skill in the art could identify the subject matter that had been disclosed [but] not claimed"— the list is self-explanatory. As a result, the court is confident that this issue is capable of being resolved at the motion to dismiss stage.

It would be a strange perversion of law that the Court can rule as a matter of law that a DOE claim is barred as a matter of law on a motion to dismiss before any possible discovery has occurred, but cannot do such on a motion for summary judgment. Here, based upon a plain read of the patents, attached to the complaint (D.I. 1) B&L cannot state a plausible claim for vitamin C in excess of the claimed amount of not more than approximately 600 mg. No offer of facts or any amount of discovery can overcome the clear dedication to the public of any claim exceeding the claimed approximately 600 mg evident from the patents. To allow otherwise would defeat SBH's right to have a case summarily disposed of where they are entitled to a judgment as a matter of law. This is in keeping with FRCP 56 (f)(2) that the Court can *sua sponte* "grant the motion on grounds not raised by a party'" and FRCP 56 (c) (B) (3) that the "court need consider only the cited materials, but it may consider other materials in the record."

See the seminal *en banc* decision in *Johnson Johnston Assoc v. R.E. Serv*, 285 F.3d 1046, 1050-51 (Fed. Cir. 2002):

> [T]he district court ruled [by summary judgment] that the '050 patent did not dedicate the steel substrate to the public, and set the question of infringement by equivalents for trial, along with the issues of damages and willful infringement. *Johnson Johnston Assocs. v. R.E. Serv. Co.,* No. C-97-04382 CRB, slip op., 1998 WL 545010 (N.D.Cal. Aug.24, 1998). The jury found RES liable for willful infringement under the doctrine of equivalents and awarded Johnston $1,138,764 in damages

In *Johnson Johnston Assoc v. R.E. Serv.,* despite the district court's summary judgment ruling (finding a triable issue of fact) and despite the jury finding DOE infringment, the Federal Circuit en banc held at p. 1054 as follows:

> [W]hen a patent drafter discloses but declines to claim subject matter . . . this action dedicates that unclaimed subject matter to the public. Application of the doctrine of equivalents to recapture subject matter deliberately left unclaimed would "conflict with the primacy of the claims in defining the scope of the patentee's exclusive right."

Judge Burke misperceives the nature of the disclosure-dedication rule and incorrectly treats such as a **defense**. It is not. It is a bar to a plaintiff asserting DOE; i.e. here, the plaintiffs must prove that in their patents they have **not** dedicated the area to which they assert DOE. See *Johnson Johnston Assoc v. R.E. Serv*, *supra* at 1058: "Thus, the court barred application of the doctrine of equivalents 'for this foreseeable alteration of [the] claimed structure.'"

Judge Newman, in her dissent in *Johnson Johnston Assoc v. R.E. Serv* at 1064 stated:

> The court today holds that there is no access to equivalency for any subject matter that is disclosed in a patent specification but not claimed. Thus the court establishes a new absolute bar to equivalency, a bar that applies when there is no prosecution history estoppel, no prior art, no disclaimer, no abandonment.

Thus, it is clear that the burden was on B&L to establish in its pleading a plausible DOE claim that the alleged DOE claim was not barred by the dedication it made in the patents' specifications. *Jang v. Bos. Scientific Corp.*, 872 F.3d 1275, 1287 (Fed. Cir. 2017) ("A patentee... bears the burden of proving that it is entitled to 'the range of equivalents which it seeks.'") This B&L could not and cannot do because the two patents attached as exhibits to its complaint demonstrate as a matter of law that the amounts in excess of those upper limits asserted in the claims have been dedicated to the public. Thus, the issue is merely what is disclosed in the four corners of the patent. The Court can determine as a matter of law that a disclosure was made and hence a dedication that bars an asserted DOE claim. The burden is on plaintiffs to allege a

6

plausible DOE claim, thus it follows the burden is on them to show the claim is not barred by the written specifications and claims of the patents over which it had control.

Judge Burke relies on *O2 Micro Intern. v. Monolithic Power Sys*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). See judge Burke Oral order:

> "Unlike the liberal policy for amending pleadings, the philosophy behind amending infringement and invalidity contentions is decidedly conservative, as it is designed to "'require parties to crystallize their theories of the case early in the litigation[.]'" O2 Micro, 467 F.3d at 1364 (quoting Atmel Corp. v. Info. Storage Devices, No. C 95-1987, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998))."

Here, however, neither invalidity nor infringement contentions, both of which are expressly required disclosures in the scheduling order, is at issue—the only issue is interrogatory #8.

Assuming arguendo that case law regarding disclosure-dedication rule had to be disclosed, Judge Burke does not consider the complete lack of prejudice suffered by plaintiffs. See *Abraxis BioScience, LLC v. Actavis, LLC*, No. CV 16-1925 (JMV), 2017 WL 2079647, at *4 (D.N.J. May 15, 2017) ("the fact that some additional work may be required does not constitute undue prejudice"). Plaintiffs did not contend that more factual discovery would be required or otherwise demonstrate any prejudice. Indeed, if good cause for such factual discovery were present, then B&L could have and should have evoked FRCP 56 (d) to oppose SBH's disclosure-dedication rule argument made in the summary judgment context. And not by moving to strike it.

Likewise, Judge Burke's citation to *Meyers v. Pennypack Woods Home Ownership Assn.,* 559 F.2d 894 (3d Cir. 1977). is not on point as there is no assertion that SBH has violated any pre-trial order. However, the logic of Pennypack certainly does apply in that the Court should loathe preclusion of a resolution of a case on the merits.

However, at the end of the day, the issue tendered here is purely legal, and thus B&L cannot claim any prejudice as such cannot possibly "disrupt the orderly and efficient trial of the case or of other cases in the court," *Meyers v. Pennypack Woods Home Ownership Assn*, supra at 904. To the contrary, the disallowance of the disclosure-dedication rule, assuming arguendo the other grounds for SBH's summary judgment motions were to be denied, will cause a needless trial on an issue that can and should be denied as a matter of law.

## CONCLUSION

Defendant SBH respectfully requests the Court grant its objection and reverse the order granting the motion to strike.

Dated: February 18, 2025  Respectfully submitted,

*/s/Glenn A. Brown*

Glenn A. Brown, DMD, Esq
727 N. Market Street #4
Wilmington, DE 19801
DE Bar No. 4669
(302) 225-8340
glenn.brown@realworldlaw.com


Frear Stephen Schmid
7585 Valley Ford Road
Petaluma, CA 94952
(415) 788-5957
frearschmid@aol.com

## **CERTIFICATION OF OBJECTION**

The foregoing objection raises nonew legal arguments, only expounding on arguments presented in its Answer (D.I. 218) to the underlying motion to strike (D.I. 250).

*/s/Glenn A. Brown*

Glenn A. Brown (No. 4669)

/s/Frear Stephen Schmid

Frear Stephen Schmid