IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED & PF CONSUMER HEALTHCARE 1 LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SBH HOLDINGS LLC,<br><br>Defendant. | Civil Action No. 20-1463-GBW |

## MEMORANDUM ORDER

Pending before the Court is Defendant SBH's Objection to Judge Burke's Order Dated February 12, 2025[1], Striking Disclosure-Dedication Arguments ("Defendant's Objection") (D.I. 255). Plaintiffs oppose and request the Court to overrule Defendant's Objection.[2] For the following reasons, the Court OVERRULES Defendant's Objection (D.I. 255).

## I. BACKGROUND

The Court writes for the benefit of the parties and, as such, only briefly sets forth the facts and procedural history necessary for the discussion herein.

On March 1, 2023, Bausch served Interrogatory No. 8 to SBH. *See* D.I. 197 at 1. Interrogatory No. 8 stated:

> With respect to each of SBH's products referred to in Interrogatory No. 1, if SBH has ever believed or contended or now believes or contends that its commercial manufacture or sale thereof, by, for or relating in any way to SBH and/or the use thereof by consumers does not or will not infringe any claim of the '297 patent

---

[1] Although in the title of its Objection, Defendant refers to "Judge Burke's Order Dated February 12, 2025," the correct date of Judge Burke's Order at issue is February 5, 2025. *See* D.I. 250.

[2] The Plaintiffs are Bausch & Lomb Incorporated & Pf Consumer Healthcare 1 LLC ("Baush" or "Plaintiff"). The Defendant is SBH Holdings LLC ("SBH" or "Defendant").

and/or the '522 patent either literally or under the doctrine of equivalents, and/or indirectly infringe any claim of the '297 patent and/or the '522 patent, describe in detail the basis for each such belief or contention including, but not limited to, identifying all documents and things referring to, relating to or recording each such belief, contention or the basis therefore; and the persons who made, or contributed information for, any studies relating to whether such use fall within such claims and identify all documents and things referring or relating in any way thereto.

D.I. 197-2 at 4. In response, SBH stated:

> Plaintiffs are referred to the complete PTO files for the subject patents, defendant's pleadings (its answer and counterclaim) filed in this matter, its 12(b)(6) motion to dismiss and reply in support thereof, its Rule 26 initial disclosures, its Delaware Default Standard disclosure, its invalidity contention disclosure, its proposed claims constructions, its motion for judgment on the pleadings, all correspondence between defense counsel and plaintiff counsel concerning the validity and non-infringement of the subject patents and claims thereof, all of which is equally available to plaintiffs.

*See* D.I. 197 at 1. SBH never served a supplement to this response. *See* D.I. 197 at 1.

On September 6, 2024, SBH filed its Motion for Summary Judgment #2. D.I. 179. Therein, SBH raised for the first time SBH's disclosure-dedication argument. *See* D.I. 250 (observing that SBH's disclosure-dedication "theory showed up for the first time in Defendant's recently-filed summary judgment papers"); D.I. 255 (not contesting as much).[3] On October 17, 2024, Bausch filed a Motion to Strike SBH's Disclosure-Dedication Theory ("Motion to Strike") (D.I. 196), which was fully briefed (D.I. 197; D.I. 218; D.I. 222). On February 5, 2025, Magistrate Judge Burke issued an Oral Order granting Bausch's Motion to Strike. D.I. 250.

---

[3] The disclosure-dedication doctrine provides that "when a patent drafter discloses but declines to claim subject matter," such "action dedicates that unclaimed subject matter to the public" and precludes the patent holder from employing "the doctrine of equivalents to establish infringement" on the basis of that unclaimed subject matter. *Johnson & Johnston Assocs. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002). The ability to establish infringement on such a basis "would merely encourage a patent applicant to present a broad disclosure in the specification of the application and file narrow claims" in order "to avoid prosecution scrutiny by the PTO." *Id.* In this action, SBH contends "that Bausch is precluded from claiming that formulations containing 750 mg of vitamin C as equivalent to the literally claimed vitamin C range because Bausch purportedly dedicated to the public the use of that amount of vitamin C." D.I. 197 at 1.

2

In his Oral Order, Magistrate Judge Burke explains:

(1) . . . Plaintiffs argue that Defendant's DD [i.e., disclosure-dedication] theory should be stricken because: (a) in response to Plaintiffs' March 2023 Interrogatory No. 8 ("ROG 8"), which asked Defendant to state any reason why it contends that the accused products would not infringe the asserted claims, Defendant did not identify the DD theory, nor was the theory mentioned in any of the other sources that Defendant referenced in its response to ROG 8; and (b) the theory showed up for the first time in Defendant's recently-filed summary judgment papers; (2) Defendant does not deny that in the 19 months between its receipt of ROG 8 and the filing of the instant Motion, it never disclosed the DD theory to Plaintiffs in response to ROG 8. Instead, Defendant seems to suggest that it is no problem that it did not respond fully to the ROG or disclose this theory. Defendant suggests this is so either because: (a) since Plaintiffs had access to the asserted patents' specification (i.e., the place where Defendant draws the evidence in support of its theory), then Plaintiffs should have guessed or somehow figured out that Defendant would raise this defense in the case; or (b) a defendant simply does not have to respond to an interrogatory seeking disclosure of such a defense (at least where the defense, like this one, implicates a question of law that a judge must resolve). Defendant's arguments have no merit. . . .

[T]here can be no doubt that Defendant's incredibly late disclosure of the DD theory in its summary judgment briefing (filed in September 2024) amounts to an untimely disclosure under Rule 26(e). Pursuant to Fed. R. Civ. P. 37(c), then, the disclosure should be stricken unless it is substantially justified or harmless. To assess that question, our Court utilizes the *Pennypack* factors. They all either support exclusion here, or, at best for Defendant, are neutral.

D.I. 250 (citations omitted).

On February 18, 2025, SBH filed its Objection, contending that Judge Burke improperly granted Bausch's Motion to Strike. D.I. 255. On March 4, 2025, Bausch filed its response in opposition to SBH's Objection. D.I. 262.

## II.   LEGAL STANDARD

28 U.S.C. § 636(b)(1)(A) provides that a "district court may refer a nondispositive motion to a magistrate judge 'to hear and determine.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)(A)). "Following a magistrate judge's issuance of an order on a nondispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order." *Id.* (citing Fed. R. Civ. P. 72(a)).

3

"If a party objects to a magistrate judge's order regarding a nondispositive matter, the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *Id.* (quoting Fed. R. Civ. P. 72(a)); *see* 28 U.S.C. § 636(b)(1)(A) (providing that the district judge "may reconsider any pretrial matter" that has been designated to the magistrate judge under the same section "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *EEOC*, 866 F.3d 93, 99 (quoting *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).

"There are also decisions that involve the exercise of discretion, and discretionary decisions are reviewed for abuse of discretion." *Avaya Inc. v. SNMP Research Int'l Inc.*, No. 12-cv-191-RGA, 2016 U.S. Dist. LEXIS 10020, at *3 (D. Del. Jan. 28, 2016). "This deferential standard of review is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" *Id.* (quoting *Cooper Hospital/University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998)).

In this action, (1) SBH contends that the Court's review is de novo (D.I. 255 at 1), (2) Bausch contends that the Court's review is for clear error (D.I. 262 at 4), and (3) neither party raises discretion. Ultimately, the appropriate standard is not outcome determinative, since the Court's conclusion in this instance would be the same under all three standards.

### III.   DISCUSSION

In its Objection, SBH fails to establish any aspect of Magistrate Judge Burke's decision that is clearly erroneous or contrary to law or an abuse of discretion. As Magistrate Judge Burke explains, SBH improperly asserted its disclosure-dedication theory for the first time in its summary judgment briefing approximately one and a half years after SBH should have identified this theory in response to Interrogatory No. 8. *See* D.I. 250. SBH's "incredibly late disclosure" amounted

4

"to an untimely disclosure under Rule 26(e)" and was therefore properly struck by Magistrate Judge Burke pursuant to Rule 37(c) and the *Pennypack* factors. *See* D.I. 250.

The cluster of arguments to the contrary in SBH's Objection are unavailing. *First*, SBH contends that Interrogatory No. 8 did not seek "*legal*" contentions." D.I. 255 at 2 (emphasis added). However, Interrogatory No. 8 expressly requested the "basis for each . . . contention" that any accused product did not infringe (D.I. 197-2 at 4), and the scope of such language encompasses legal contentions.

*Second*, SBH describes its disclosure-dedication theory as "simply case law" and asserts that to "hold that SBH cannot use this case law in support of summary judgment is to hold that a party cannot, in preparation for a summary judgment motion, do further legal research and cite newly found cases." D.I. 255 at 4. As Bausch observes, however, "the issue was not the late citation to particular cases supporting a theory, but late disclosure of the theory itself." D.I. 262 at 6.

*Third*, SBH renews its contention that issues of law, like disclosure-dedication, need not be disclosed. D.I. 255 at 5. However, as Magistrate Judge Burke correctly observed in his Order, SBH's position is without merit. *See* D.I. 250 ("Defendant's view to the contrary would, if permitted, wrongly allow a party—and not the Federal Rules of Civil Procedure—to determine whether it has to follow the discovery rules in a patent case, and to dictate what theories it does and doesn't have to disclose."). *Fourth*, insofar as SBH suggests that this Court may *sua sponte* resolve the disclosure-dedication issue (D.I. 255 at 5), the Court declines to do so under the circumstances.

*Fifth*, SBH suggests that, to establish the doctrine of equivalents, a patent holder must demonstrate that the unclaimed subject matter at issue was not dedicated to the public and,

therefore, SBH can raise the disclosure-dedication rule as a defense, rather than an affirmative defense, notwithstanding any lack of disclosure. D.I. 255 at 6. However, Rule 37 of the Federal Rules of Civil Procedure excludes legal defenses that are not timely disclosed irrespective of whether the defenses are affirmative. *See, e.g.*, *Trudell Med. Int'l Inc. v. D R Burton Healthcare, LLC*, 127 F.4th 1340, 1349 (Fed. Cir. 2025) (holding that the district court abused its discretion by failing to exclude testimony on non-infringement under Rule 37). Moreover, the Court is skeptical that plaintiffs carry the burden to establish the absence of public dedication, the same way plaintiffs do not carry the burden to establish the absence of prosecution disclaimers. *Cf. Cisco Sys. Inc. v. Ramot at Tel Aviv Univ. Ltd.*, No. 21-cv-1365-GBW, 2024 U.S. Dist. LEXIS 205635, at *26 (D. Del. Nov. 12, 2024) (acknowledging that the proponent of prosecution disclaimer carries the burden).

*Sixth*, SBH takes issue with Magistrate Judge Burke's *Pennypack* analysis. Specifically, SBH contends that Judge Burke did "not consider the complete lack of prejudice suffered by plaintiffs." D.I. 255 at 7. SBH likewise contends that "the issue tendered here is purely legal, and thus B&L cannot claim any prejudice as such cannot possibly 'disrupt the orderly and efficient trial of the case or of other cases in the court.'" D.I. 255 at 8 (citation omitted).

However, as Judge Burke observed, the disclosure-dedication issue "can have factual underpinnings that would need to be explored via discovery." D.I. 250; *see Toro Co. v. White Consol. Indus., Inc.*, 383 F.3d 1326, 1330, 1333-34 (Fed. Cir. 2004) (noting that assessing whether the disclosure-dedication rule bars an infringement claim is a question of law, but also observing that resolution of disputed factual issues can inform that decision, such as disputes over whether a particular element was sufficiently disclosed and/or whether it is equivalent to a facet of the accused product); *Alcon Inc. v. Padagis Israel Pharms. Ltd.*, No. 22-cv-1422-WCB, D.I. 299 at 23

6

(D. Del. Jan. 13, 2025) (holding that "application of the [disclosure-dedication] doctrine in particular cases, like other questions of law, may depend on subsidiary factual findings").

Importantly, Bausch's inability to develop a response to SBH's disclosure-dedication theory, including through fact discovery, is prejudicial. *See TQ Delta, LLC v. 2wire, Inc.*, No. 13-cv-1835-RGA, 2021 U.S. Dist. LEXIS 141529, at *7-8 (D. Del. July 28, 2021) ("The first *Pennypack* factor, prejudice or surprise to the party against whom the evidence is offered, favors exclusion. Defendant was unaware of Plaintiff's doctrine of equivalents theory until it received Dr. Madisetti's Second Amended Opening Report. Defendant did not know of this infringement theory during discovery and, therefore, was deprived of the opportunity to discover information pertaining to this theory and to prepare appropriate defenses."). Moreover, as Bausch observes, SBH otherwise "ignores the other *Pennypack* factors noted by Judge Burke." D.I. 262 at 2.

*Lastly*, SBH contends that, if Bausch required fact discovery to address whether the unclaimed subject matter was dedicated to the public, Bausch should have opposed SBH's disclosure-dedication argument on the basis of Rule 56(d) of the Federal Rules of Civil Procedure instead of moving to strike the argument. D.I. 255 at 7; *see* Fed. R. Civ. P. 56(d) (providing recourse where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). However, SBH fails to cite any authority providing that occasion to invoke Rule 56(d) preempts recourse under Rule 37(c). The Court also is not aware of any such authority.

Therefore, the Court agrees with Magistrate Judge Burke's Order (D.I. 250), as well as his underlying reasoning, and will overrule SBH's Objection (D.I. 255).

## IV. CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendant SBH's Objection to Judge Burke's Order Dated February 12, 2025 [sic], Striking Disclosure-Dedication Arguments (D.I. 255).

\* \* \*

WHEREFORE, at Wilmington this 11th day of March 2025, **IT IS HEREBY ORDERED** that SBH's Objection to Judge Burke's Order Dated February 12, 2025, Striking Disclosure-Dedication Arguments (D.I. 255) is **OVERRULED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE